AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case          (NOTE: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT
District of Nevada

| UNITED STATES OF AMERICA | SECOND AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| TONYA RUSHING | Case Number: 2:11-CR-166-LRH-CWH-2 |
| | USM Number: 45955-048 |

**Date of Original Judgment:** 5/12/15
(Or Date of Last Amended Judgment)

Robert M. Draskovich, Jr.
Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. § 3742(f)(1) and (2))

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

(X) Correction of sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

(X) pleaded guilty to count  1 and the Forfeiture Allegation in the Indictment filed 4/27/11.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ After a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. 371 | Conspiracy to Commit Health Care Fraud | 2/2008 | 1 |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

(X) Count(s)  2 - 26  are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

FILED ___ / ENTERED ___  RECEIVED ___ / SERVED ON ___
COUNSEL/PARTIES OF RECORD
MAY 21 2015
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

5/4/15
Date of Imposition of Judgment

/s/ Larry R. Hicks
Signature of Judge

LARRY R. HICKS, U.S. DISTRICT JUDGE
Name and Title of Judge

5-21-15
Date

Judgment - Page __2__ of __7__

DEFENDANT:            TONYA RUSHING
CASE NUMBER:          2:11-CR-166-LRH-CWH-2

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **TWELVE (12) MONTHS AND ONE (1) DAY.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

(X) The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    (X) before 12 p.m. on **FRIDAY, 7/10/15**                          .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____ a _____

_____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By _____

DEPUTY UNTIED STATES MARSHAL

Judgment - Page __3__ of __7__

DEFENDANT: TONYA RUSHING
CASE NUMBER: 2:11-CR-166-LRH-CWH-2

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **TWO (2) YEARS.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- (X) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- (X) The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 3C - Supervised Release

Judgment - Page __4__ of __7__

DEFENDANT:       TONYA RUSHING
CASE NUMBER:    2:11-CR-166-LRH-CWH-2

# SPECIAL CONDITIONS OF SUPERVISION

1. <u>Mental Health Treatment</u> - You shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and/or outpatient counseling as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor and other forms of intoxicants while participating in mental health treatment. Further, the defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office, based upon your ability to pay.

2. <u>Debt Obligation</u> - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts, without the approval of the probation office.

3. <u>Community Service</u> - You shall complete ONE HUNDRED FIFTY (150) hours of community service, as approved and directed by the probation office.

4. <u>Access to Financial Information</u> - You shall provide the probation office access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business or financial information in which the defendant has a control or interest.

*5. <u>No Contact Condition</u> - The defendant shall not have contact, directly or indirectly, associate with, or be within 500 feet of Dipak Desai, his residence or business, and if confronted by Dipak Desai in a public place, the defendant shall immediately remove himself from the area.

6. <u>Warrantless Search</u> - You shall submit to the search of his/her person, and any property, residence, or automobile under his/her control by the probation office, or any other authorized person under the immediate and personal supervision of the probation office without a search warrant to ensure compliance with all conditions of release.

7. <u>Possession of Weapon</u> - You shall not possess, have under his/her control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state or local law.

8. <u>Report to Probation Office After Release from Custody</u> - The defendant shall report in person to the probation office in the District to which the defendant is released within 72 hours of release from custody.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____          _____
Defendant's signature                                           Date

_____          _____
Signature of the U.S. Probation Officer/Designated Witness        Date

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
        Sheet 5 - Criminal Monetary Penalties

Judgment - Page  5  of  7

DEFENDANT:         TONYA RUSHING
CASE NUMBER:       2:11-CR-166-LRH-CWH-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine**     | **Restitution** |
|--------|----------------|--------------|-----------------|
| **TOTALS** | $ 100.00    | $ 10,000.00  | $ 50,000.00     |

☐   The determination of restitution is deferred until _____.  An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Clerk, U.S. District Court<br>Attn: Financial Office<br>**\*Case No. 2:11-CR-166-LRH-CWH-2**<br>333 Las Vegas Boulevard, South<br>Las Vegas, NV 89101 | | $50,000.00 | |
| Aetna<br>151 Farmington Avenue<br>Hartford, Connecticut 06156 | | | |
| Anthem Blue Cross<br>P.O. Box 964<br>Woodland Hills, California 91365 | | | |
| **TOTALS** | $ _____ | $ 50,000.00 | |

(X)   Restitution amount ordered pursuant to plea agreement $  50,000.00

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to  18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐   the interest requirement is waived for the ☐ fine  ☐ restitution.

   ☐   the interest requirement for the ☐ fine  ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
     Sheet 5B- Criminal Monetary Penalties

Judgment - Page __6__ of __7__

DEFENDANT:           TONYA RUSHING
CASE NUMBER:         2:11-CR-166-LRH-CWH-2

# ADDITIONAL RESTITUTION PAYEES

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Blue Cross Blue Shield<br>700 Broadway<br>Denver, Colorado 80273 | | | |
| Coventry Healthcare<br>15400 Calhoun Drive, Third Floor<br>Rockville, Maryland 20855 | | | |
| Culinary Health Fund<br>1901 Las Vegas Boulevard, Suite 101<br>Las Vegas, Nevada 89104-1309 | | | |
| Ingenix/United Health Group<br>12125 Technology Drive<br>Mail Route MN002-265<br>Eden Prairie, Minnesota 55344 | | | |
| Medicare Program Safeguard Contractor<br>Western Integrity Center<br>9401 West Thunderbird Road<br>Peoria, Arizona 85381 | | | |
| State of Nevada<br>Division of Healthcare Financing and Policy<br>1100 East William Street, Suite 101<br>Carson City, Nevada 89701 | | | |
| Wisconsin Physician Services<br>P.O. Box 8190<br>Madison, Wisconsin 53708 | | | |
| Zenith Administrators, Inc.<br>2001 West Camelback Road, Suite B<br>Phoenix, Arizona 85015 | | | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 6- Schedule of Payments

Judgment - Page __7__ of __7__

DEFENDANT: TONYA RUSHING
CASE NUMBER: 2:11-CR-166-LRH-CWH-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    (X)    Lump sum payment of $ 60,100.00 due immediately, balance due

        ☐    Not later than _____, or
        ☐    in accordance   ☐ C,   ☐ D,   ☐ E, or ☐ F below; or

B    ☐    Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C    ☐    Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D    ☐    Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E    ☐    Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

         Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

*(X)    The defendant shall forfeit the defendant's interest in the following property to the United States:
       **SEE ATTACHED**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

FILED ✓
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

MAY 4 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:11-CR-166-LRH-(CWH) |
| TONYA RUSHING, | ) |
| Defendant. | ) |

## ORDER OF FORFEITURE

This Court found on July 11, 2014, that TONYA RUSHING shall pay the criminal forfeiture money judgment of $8,100,000 in United States Currency, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 18, United States Code, Section 982(a)(7) and (b)(1); and Title 21, United States Code, Section 853(p). Criminal Indictment, ECF No. 1; Plea Memorandum, ECF No. 51; Change of Plea, ECF No. 59; Order of Forfeiture, ECF No. 60.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States recover from TONYA RUSHING the criminal forfeiture money judgment in the amount of $8,100,000 in United States Currency pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Title 18, United States Code, Section 982(a)(7) and (b)(1); and Title 21, United States Code, Section 853(p).

DATED this 4th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE