UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 2:11-cr-0166-LRH-CWH |
| v. | ) | |
| TONYA RUSHING, | ) | <u>ORDER</u> |
| Defendant. | ) | |

Before the Court is the United States of America's Motion to Modify Restitution Order. Doc. #101. At a May 4, 2015, sentencing hearing for Tonya Rushing ("Rushing"), the Court imposed a sentence of twelve months and one day imprisonment. Doc. #91; Doc. #97. The Court also imposed a $100 assessment, a $10,000 fine, and $50,000 in restitution. Doc. #97 at 5. The Court entered Judgment against Rushing on May 7, 2015 (Doc. #93), and entered a Second Amended Judgment on May 21, 2015 (Doc. #97).

On June 2, 2015, the United States filed a Motion to Modify Restitution Order. Doc. #101. The United States argues that modification is warranted because the $50,000 restitution was meant to be applied to the total loss caused by Rushing's conduct. As part of the May 13, 2014, Plea Agreement, Rushing agreed "to make a restitution payment of $50,000 to be applied towards the losses the defendant caused by her participation in schemes or offenses, whether charged or uncharged, plead or not, and by all of her relevant conduct." Doc. #51 at 10.

Federal Rule of Criminal Procedure 35(a) provides that "the court may correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days of sentencing. The Rule defines "sentencing" as "the oral announcement of the sentence." Fed. R. Crim. P. 35(c); *United States v. JDT*, 762 F.3d 984, 1005 (9th Cir. 2014). Thus, the fourteen day time period during which the United States had to file a Motion to Modify began to run on May 4, 2015, the date of the oral announcement of Rushing's sentence. Accordingly, the United States failed to file its motion within fourteen days of sentencing as required by Rule 35(a). Additionally, the United States has not established that the $50,000 restitution order resulted from arithmetical, technical, or clear error. The Presentence Investigation Report stated: "Pursuant to 18 U.S.C. § 3663A, restitution in the total amount of $50,000 shall be ordered in this case." At the imposition of sentence hearing, the Court asked the government whether there were any objections to the presentence investigation report, to which the government replied "No, sir." Doc. #103 at 5-6. The Court also stated twice that it would impose $50,000 in restitution against Rushing, at no point indicating that the $50,000 was meant merely to be applied to a larger restitution figure. *Id.* at 6, 35.

Denial of the United States' Motion is not contrary to the Mandatory Victims Restitution Act of 1996 ("MVRA"), which provides that when a defendant is convicted of an offense covered by the statute, the district court must "make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1). The statute directs that "the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." *Id.* § 3664(f)(1)(a). However, the statute also provides that when more than one defendant contributed to a victim's loss, "the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." *Id.* § 3664(h). Accordingly, limiting Rushing's restitution to $50,000 does not run contrary to the MVRA. *See Paroline v. United States*, 134 S. Ct. 1710, 1728 (2014) (acknowledging that under the MVRA, "a district court is expressly authorized" to apportion liability among multiple defendants); *United States*

*v. Booth*, 309 F.3d 566, 576 (9th Cir. 2002) (finding that the district court "had the discretion to apportion the total" amount of restitution among defendants, but was not required to do so).

In sum, no party challenged the $50,000 restitution order at the sentencing hearing, and the United States did not file its Motion to Modify for nearly one month, past the fourteen day window permitted pursuant to Federal Rule of Civil Procedure 35(a). Additionally, limiting Rushing's restitution to $50,000—the amount recommended in the presentence investigation report and discussed at the sentencing hearing—does not violate the MVRA. Accordingly, the Court denies the United States' Motion to Modify Restitution Order.

IT IS THEREFORE ORDERED that the United States' Motion to Modify Restitution Order (Doc. #101) is DENIED.

IT IS SO ORDERED.

DATED this 22nd day of July, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE